**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
                                         :
COLLEEN DAVIS,                           :   CIVIL ACTION NO. 09-6277 (MLC)
                                         :
     Plaintiff,                          :        O P I N I O N
                                         :
     v.                                  :
                                         :
BOROUGH OF KEANSBURG, et al.,            :
                                         :
     Defendants.                         :
_____  :
```

**THE COURT** ordering the plaintiff to show cause why the action should not be stayed and administratively terminated, with leave to move to reopen for good cause shown, pending the disposition of a related criminal matter (dkt. entry no. 6, Order to Show Cause ("OTSC")); and the plaintiff bringing this action, inter alia, to recover damages under 42 U.S.C. § ("Section") 1983 related to her arrest by defendants who were police officers ("Federal Claims") (dkt. entry no. 1, Compl.); and the plaintiff alleging that she was criminally charged with a violation of N.J.S.A. § 2C:33-2a for disorderly conduct and maliciously prosecuted due to the circumstances underlying the arrest ("Related Criminal Matter") (id. at 6, 9-10); and

**IT APPEARING** — pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) — that (1) the Court must determine whether a Section 1983 claim, "if successful, would have the hypothetical effect of rendering [a] criminal conviction or sentence invalid", and (2)

if a judgment for a plaintiff on such a claim would necessarily imply the invalidity of a conviction, then the claim would be barred until the conviction is overturned, Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 451-52 (3d Cir. 2005) (citations and quotations omitted); and

**THE COURT** thus being concerned that if the plaintiff were successful on the Federal Claims now, then an eventual criminal conviction in the Related Criminal Matter could be rendered invalid; and it appearing that when a plaintiff brings a Section 1983 claim

> before [being] convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

Wallace v. Kato, 549 U.S. 384, 393-94 (2007); and

**THE COURT** thus ordering the plaintiff to show cause why the action should not be stayed and administratively terminated pending the disposition of the Related Criminal Matter, including any aspect thereof that is the subject of either an appeal or a review by any municipal or state court at any level (see OTSC at 4); and

**THE PLAINTIFF BEING ADVISED** that an order administratively terminating a federal action is not the equivalent of a dismissal of a complaint with prejudice, and is issued pursuant to the

Court's inherent power to control the docket and in the interests of judicial economy, see Delgrosso v. Spang & Co., 903 F.2d 234, 236 (3d Cir. 1990) (stating administrative termination not final determination, as it "permits reinstatement and contemplates the possibility of future proceedings", and "does not purport to end litigation on the merits") (see OTSC at 2-3); and

**THE PLAINTIFF** now admitting in response that — although other criminal matters that may be related to this action have been resolved in her favor — the Related Criminal Matter remains pending (dkt. entry no. 7, Pl. Br. at 1-2, 4-5, 8);[1] and

**THE COURT** thus intending to (1) grant the Order to Show Cause, (2) stay and administratively terminate the action, and (3) grant the plaintiff leave to move for ancillary relief or to

---

[1] The plaintiff cites several cases from federal courts that are not within the Third Circuit in order to oppose a stay. (Pl. Br. at 5-7.)  This Court, to the extent that those cases can be interpreted to hold to the contrary, declines to follow those cases.  The plaintiff's potential conviction in the Related Criminal Matter is a concern.  See Von Schlichten v. County of Northampton, 279 Fed.Appx. 176, 178-79 (3d Cir. 2008) (affirming judgment dismissing Section 1983 claims as barred by Heck due to a disorderly-conduct conviction); Fuchs v. Mercer County, 260 Fed.Appx. 472, 473-75 (3d Cir. 2008) (same); Loucks v. Jay, No. 04-366, 2006 WL 266105, at *3 (M.D. Pa. Feb. 1, 2006) (granting part of motion to dismiss Section 1983 false arrest and false imprisonment claims where plaintiff was convicted of disorderly conduct).

3

reopen for good cause shown; and for good cause appearing, the Court will issue an appropriate order.[2]

                                        s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated:  April 9, 2010

---

[2] The plaintiff alleges that the claims brought on behalf of her minor child should be permitted to proceed. (Pl. Br. at 3-4, 7.) The claims brought on the child's behalf and the claims brought by the plaintiff individually are hopelessly intertwined. The claims brought on the child's behalf must be stayed as well.